**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE:<br><br>Mara Vargas,<br>Raul V. Vargas,<br>Debtors.<br>___<br><br>Mara Vargas,<br>Raul V. Vargas,<br>Movant,<br><br>v.<br><br>National City Bank<br>Respondent. | ) | Chapter 13<br>Case No. 09-18333 HRT |

---

**STIPULATION TO RESOLVE MOTION TO DETERMINE SECURED STATUS PURSUANT TO 11 U.S.C. § 506**

---

NATIONAL CITY BANK("Creditor"), through its counsel, Castle Meinhold & Stawiarski, LLC, and Mara Vargas and Raul V. Vargas ("Debtors"), through their counsel, Kevin D. Heupel, (collectively referred to as "the Parties") submit their *Stipulation to Resolve Motion to Determine Secured Status Pursuant to 11 U.S.C. § 506*. In support thereof, the Parties state as follows:

1. The Parties wish to resolve the *Status Pursuant to 11 U.S.C. § 506* on the terms set forth in this Stipulation.

2. Creditor is the holder of a second lien on the Debtor's residence located at 11717 Fraser Street, Brighton, CO 80603 ("Property"). Said lien was recorded March 2, 2005 at Reception number 20050302000214880.

3. The Parties agree that the second lien held by Creditor shall be deemed wholly unsecured pursuant to 11 U.S.C. § 506, subject to the Debtor's successful completion of their Chapter 13 Plan and discharge.

4. Creditor agrees to release its lien within 30 days of successful completion of the Debtor's Chapter 13 Plan and discharge.

5. In the event the bankruptcy is dismissed, converted to Chapter 7, or the Debtors do not obtain a discharge, this Stipulation shall be deemed null and void.

WHEREFORE, the Parties request that the Court enter an Order approving this Stipulation, and for such other and further relief as the Court deems just and proper.

DATED: June 19, 2009.

CASTLE MEINHOLD & STAWIARSKI, LLC

Deanna L. Westfall, #23449
Britney Beall-Eder #34935
999 18th Street, Suite 2201
Denver, CO 80202
Phone: (303) 865-1400
Fax: (303) 865-1410
E-mail: dwestfall@cmsatty.com
*Attorney for* National City Bank

DATED: June 12, 2009.

HEUPEL LAW, P.C.

Kevin D. Heupel
2440 Stout St.
Denver, CO 80205
303.955.7570
E-mail: Kevin@heupellaw.com
*Attorney for Debtor*

File #09-11720

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June ___, 2009, the foregoing **STIPULATION TO RESOLVE STATUS PURSUANT TO 11 U.S.C. § 506** was placed in the United States mail, first class postage prepaid, to the following:

Heupel Law, PC
2440 Stout St.
Denver, CO 80205

National City®

# NOTE AND SECURITY AGREEMENT

(Not to be Used for Texas Homestead Loans Unless Proceeds Used Only for Purchase Money or Refinance of Purchase Money)

National City Complete Loan is a registered trademark of National City Corporation.

Date: February 24, 2005

1. DEBTOR (S): RAUL V. VARGAS, MARA AVITIA

Address: 11717 FRASER STREET
BRIGHTON, CO 80603

2. DEFINITIONS AND GENERAL TERMS. "You" or "your" means the undersigned Debtors. "We", "our" or "us" means FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN, 2150 NORTH FIRST STREET, SAN JOSE, California 95131 and its successors and assigns. "Note" means this promissory note and security agreement and all related attachments and addenda. "Loan" means the loan evidenced by this Note. "Property" means the real estate securing the payment of this Note described in Section 4. "Disclosure Statement" means the separate federal truth-in-lending disclosure statement of even date provided to you, the terms of which are incorporated by reference in this Note. Disclosures in the Disclosure Statement are contract terms. You agree that we are making this Loan directly to you. The Section headings of this Note are a table of contents and not contract terms.

3. PROMISSORY NOTE. For value received, you, intending to be legally bound, jointly and severally promise to pay to our order the principal sum of $ 43,000.00 , which includes a prepaid finance charge of $ 1,101.22 , plus interest on the principal sum outstanding and other sums owed under this Note until paid in full at the per annum rate of 10.2500%. You will make a monthly payment in the amount of U.S.$385.32 on the 1st day of each month beginning on April 1, 2005 . If on March 1, 2020 , you still owe amounts under this Note, you will pay those amounts in full on that date. You agree that all past due and unpaid charges owed, including past due interest, may be capitalized and earn interest by adding such charges to the principal balance of this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal. You will mail your monthly payments to: National City Home Loan Services, 150 Allegheny Center Mall, Pittsburgh, PA 15212, or such other place as we may specify. If you are making a payment by an overnight delivery service only, you will send it to National City, 5101 Interchange Way, Louisville, KY 40229 or such other place as we may specify.

4. PROPERTY: 11717 FRASER STREET
BRIGHTON, CO 80603 .

5. DISBURSEMENT OF PROCEEDS. You authorize us to disburse all proceeds of this Loan by check, draft, electronic transfer or in such other form or manner as we choose in our sole discretion.

6. LATE CHARGE; RETURNED INSTRUMENT CHARGE; DEFFERAL CHARGE; SERVICE CHARGES. If all or any portion of any monthly payment is not received within 10 days after it is due and we do not accelerate the entire balance owing under this Note, you agree to pay a late charge. This late charge will be $16.00. If any check, draft, negotiable order of withdrawal, or other similar instrument is returned to us unpaid for any reason, you agree to pay a returned instrument charge of $20. If we, in our sole discretion, permit you to defer any payment(s) you agree to pay a deferral charge for each payment deferred. We will continue to earn interest on the unpaid principal balance. If you request copies of any documents related to this Loan, you agree to pay a document request charge for the service of providing copies. This document request charge will be $6 per copy. We will not charge you for documents we are required to provide you by law. You agree that we may also charge you a fee, not otherwise enumerated herein, for services that we perform for you that you have requested.

7. INSURANCE. You are required to insure the Property until this Loan is paid in full or we sell the Property. You have the risk of loss of the Property and shall be responsible for its loss or damage. You will notify us promptly of any loss or damage to the Property. You **agree to obtain primary insurance coverage (including furnishing existing coverage) from any insurer you want that is acceptable to us provided that the insurer is authorized to do business in the state or jurisdiction where the Property is located or is an eligible surplus lines carrier,** in the following types and amounts with us listed as loss payee: (a) fire, "all risk" perils and flood insurance required by law; and (b) all other insurance required by applicable law. You must keep the Property fully insured against loss or damage on terms which are acceptable to us to the extent permitted by law. All insurance proceeds we receive (including a refund of premium) may at our option reduce the indebtedness of this Note or be used to repair or replace the Property. If the Property is destroyed, you must still pay us whatever you owe under this Note. If you fail to maintain the required insurance, we may at our sole option obtain coverages at your expense that we believe are necessary to protect our interests in the Property. You agree to pay the expense of such insurance on demand or agree that we may add such expense to this Loan. You acknowledge that insurance we purchase may cost substantially more than insurance you could purchase. Failure of your insurer to pay a claim, or any part of a claim, will mean you do not have the insurance required by this Note. You also assign to us any other insurance proceeds related to the Note or our interest in the Property. You must promptly provide us with evidence of insurance and proof of payment of insurance premiums upon our request, and all policies must provide us with a minimum of 10 days prior notice of cancellation or material change in coverage. You irrevocably authorize us as your agent and on your behalf, which authorization will survive your incompetence, to negotiate, settle and release any claim under your insurance or under any insurance with a third party insurer related to the Property, and to receive and sign all related papers and documents on your behalf including, checks, drafts and other items payable to you.

8. PREPAYMENT. You may voluntarily prepay the principal sum of this Note in part at any time. If you voluntarily prepay the principal sum of this Note in full within the first 24 months of this Note, you agree to pay a voluntary prepayment charge. This voluntary prepayment charge will be equal to 2% of the principal balance at the time of prepayment. The prepayment charge will apply to amounts prepaid within 60 days of prepayment in full, after deducting any required refund. Unless refund of all or a portion of the prepaid finance charge is required by law, no portion of the prepaid finance charge described in Section 3 will be refunded. Subject to Section 3, you authorize us to apply all prepaid sums to the indebtedness of this Note in any manner we elect.

9. SECURITY AGREEMENT. To the extent permitted by law, you grant us a security interest and waive all applicable property exemptions and homestead rights (unless the Property is located in Texas) in the following property to secure performance of your obligations under this Note: (a) the Property including all equipment, parts, accessories and personal property which is a fixture of the Property except "household goods" as defined by 12 C.F.R. 227.12(d) unless purchased with the proceeds of this Loan. If we have a prior lien on your principal residence as security for future obligations, we waive such security as to this Note only; (b) proceeds and unearned premiums of any Property insurance; and (c) the substitutions, replacements, products and proceeds of the foregoing. Our security interest will be a purchase money security interest if any of the foregoing are purchased with the proceeds of this Loan. You agree that we are not a fiduciary with respect to our security interest. You further agree that we may at any time apply proceeds and unearned premiums and refunds of any Property insurance to reduce the indebtedness of this Note, even if you are not in default. Upon our request, you will deliver any documents that are necessary for us to perfect our security interest, or, if applicable, follow our instructions to perfect our security interest in the Property. You will defend at your expense our security interest in the Property. To the extent permitted by law, you agree to pay all actual costs imposed to release our interests in the Property.

10. PROPERTY MAINTENANCE AND USE. You will promptly pay all fees, fines, and taxes related to this Loan and the Property. You will maintain the Property in good condition except for ordinary wear and tear, and keep it free from all liens, encumbrances, fines and adverse claims except for those permitted by us in writing. You will make all needed repairs. You will not make any changes to the Property that will decrease its value or decrease its functionality without our prior written consent. You will permit us to inspect the Property at a time which is reasonably convenient. If you do not do any of the foregoing, we may do so at our sole option and add the costs to this Loan or require you to provide us with additional collateral. You will not use, or permit others to use, the Property: (a) in violation of any law; (b) contrary to the provisions of any insurance policies covering the Property or in a manner that would invalidate any warranty or (c) for any business, commercial or agricultural purpose unless this Loan is explicitly for such a purpose.



I Hereby Certify
That This Is A True And Exact
Copy Of The Original




11. **DEFAULT AND REMEDIES.** You will be in default under this Note if: (a) you fail to make any payment or pay other amounts owing under this Note when due; (b) you fail to keep any of your agreements under this Note or under any other agreement with us; (c) a bankruptcy petition is filed by or against you; (d) you have provided false or misleading information to us; (e) you die or are declared incompetent or incapacitated; (f) the Property is destroyed, determined by us to be uninsurable for use, seized, impounded or threatened with, or subject to, levy, attachment, condemnation, forfeiture or other administrative or judicial proceedings; or (g) you are in default on any obligation that is secured by a lien on the Property. If you are in default, in addition to any other rights and remedies we have under law and subject to any right you may have to cure your default, we may do any of the following: (aa) accelerate the entire balance owing under this Note after any demand or notice which is required by law, which entire balance will be immediately due and payable. **If you are in default, prior to our obtaining a judgment against you, any amounts owing under this Note will continue to bear interest at the interest rate stated in this Note. If we obtain a judgment against you for any amounts owing under this Note, the amount of such judgment will bear interest at the rate permitted by Indiana law for judgments from the date of judgment;** (bb) demand that you vacate the Property and make it available to us at a time that is reasonably convenient. You agree to comply with such demand; (cc) sell, lease, or otherwise dispose of the Property without prior demand, unless otherwise required by law. Our disposal of the Property will not release you from any of your obligations and you will pay us any balance owing under this Note; and (dd) recover all expenses related to retaking, holding, preparing for sale and selling the Property and reasonable collection costs, attorneys' fees (unless you are a resident of New Hampshire, in which case we may not recover our attorneys' fees from you) and legal expenses as permitted by 11 U.S.C. 506 and applicable state law.

12. **PROPERTY CONDITION.** You agree that with respect to any Property: (a) it is free from all material defects, in proper operating order and fit for all intended purposes; (b) that our making this Loan was based in part upon the value and condition of the Property as represented by you; (c) we did not directly or indirectly offer, sell or provide it to you; and (d) we are not a seller, supplier, merchant or warrantor. **Accordingly, except for specific rights afforded by state law, any claims relating to the Property, including any defect or warranty related to it, are not our responsibility.**

13. **ADDITIONAL AGREEMENTS.** You agree that: (a) you may not sell or assign this Note, the Property or any of its benefits or obligations without our prior written consent. We own this Note and may assign this Note or any of its benefits or obligations at any time without your consent; (b) this Note is between you and us and, except for successors or assigns as provided by this Note, this Note will not confer any rights upon any third party; (c) our rights and remedies in this Note are not exclusive; (d) we may waive or delay the enforcement of our rights under this Note without waiving or otherwise affecting such rights; (e) the provisions of this Note are only to the extent permitted by applicable law. Any part of this Note that cannot be enforced will be void, but the remaining parts will remain in effect; (f) you waive notice of dishonor, protest, presentment, demand for payment (subject to any right you may have to cure your default), waiver, delay and all other notices or demands in connection with this Note; (g) you waive all defenses relating to impairment of recourse or collateral, and we can change any term of this Note, release any collateral or release any obligor by agreeing with any one party without notifying or releasing any other party; (h) we can correct errors in this Note as provided in 15 U.S.C. Section 1640 upon notice to you even if such errors are contract terms and you agree to be bound by such corrections. Upon our request, you will promptly re-execute this Note to correct errors in this Note. You can change any term of this Note only in a writing signed by us; (i) the Bank is a national bank located in Indiana and your application for this Loan and the making of this Loan occurred in Indiana. Therefore, this Note shall be governed by and construed in accordance with (y) Federal laws and regulations including but not limited to 12 USC Section 85 and (z) the laws of Indiana, to the extent Indiana laws are not preempted by federal laws or regulations, and without regard to conflict of law principles; (j) this Note describes all agreements between you and us with respect to the Loan and there are no other agreements. An electronic or optically imaged reproduction of this Note or any other document related to your Loan constitutes an original document and may be relied on in full by all parties to the same extent as an original; (k) except as otherwise required by law, we are authorized to mail any notice or other correspondence to you by first class mail to your last known address indicated on our records; (l) you will provide us with 10 days prior written notice of any change in any information contained in your application including a change in your name or address. Except as otherwise specified, all notices and payments to us must be sent to National City, 150 Allegheny Center Mall, Pittsburgh, PA 15212 Attn: Customer Service, Locator 47-23-551, or such other place as we may designate. Our failure or delay in providing you coupon books, billing statements or other payment instructions will not relieve you of your obligations under this Note; (m) all payments must be in lawful money of the United States; (n) if you are a natural person you are competent to enter into this Note and if you are other than a natural person, the person signing on behalf of you represents that he is authorized to enter into and execute this Note; (o) we will not be responsible for any personal items in or on vacated Property. We will make a reasonable effort to return such items to you or have you reclaim them from us provided you notify us within 5 business days of our taking repossession and itemize such items. Even if you notify us, you abandon to us any personal items not reclaimed from us within 10 business days of our taking repossession; (p) we may accept late payments or partial payments without losing any of our rights **if your payment is marked with the words "Paid in Full" or similar language, you must send your payment to National City, 150 Allegheny Center Mall, Pittsburgh, PA 15212 Att'n: Customer Service, Locator 47-23-551 or such other place as we may designate.** If your payment is made to any other address, we may accept the payment without losing any of our rights; (q) our application of your payments or other proceeds is reasonable unless another method is required by law, in which case that method shall be reasonable; (r) this Note will be binding and inure to the benefit of you and us and our respective successors and assigns; (s) **except as otherwise prohibited by law, Bank may provide to others, including, but not limited to, consumer credit reporting agencies, information about our transactions and experiences with you. Also, Bank and its affiliates (collectively "National City") may share with each other all information about you that National City has or may obtain for the purposes, among other things, of evaluating credit applications or offering you products or services that National City believes may be of interest to you. Under the Fair Credit Reporting Act there is certain credit information that cannot be shared about you (unless you are a business) if you tell National City by writing to National City Corporation, Attention: Office of Consumer Privacy, P.O. Box 4068, Kalamazoo, MI 49003. You must include your name, address, account number and social security number;** (t) if this Loan is not for a consumer purpose or you are not a natural person, you are not entitled to any rights afforded consumers under applicable law or regulations; (u) all actions under this Note requiring our consent are at our sole discretion, and such consent may be withheld for any reason; (v) the annual IRS Form 1098 will be issued only to the first borrower listed on this Note at origination and the designation of a borrower as first cannot be changed subsequently; (w) our typewritten name in Section 2 will constitute our signature for purposes of this Note; (x) we have an established business relationship with you, and unless otherwise prohibited by law, National City may contact you to offer you products and services that National City thinks may be of interest to you. Such contacts are not unsolicited and National City may contact you with an automated dialing and announcing device or by fax, email or other form of electronic communication and we may monitor telephone calls with you to assure quality service; (y) all amounts owed under this Note shall be without relief from valuation and appraisement laws; (z) we are authorized to sign on your behalf any document required to enforce our interests under this Note; (aa) disclosures included in this Note but not required by law are not an admission or waiver of rights by us; (bb) you will pay all fees we charge you in connection with this Loan including those indicated on any Good Faith Estimate or HUD1/HUD1A provided in connection with this Loan, which will be nonrefundable to the extent permitted by law; and (cc) in this Note, the term "affiliates" means current and future affiliates of National City Bank of Indiana, including, but not limited to, the following National City Corporation subsidiaries: National City Bank, National City Bank of Michigan/Illinois, National City Bank of Pennsylvania, National City Bank of Southern Indiana, National City Home Loan Services, Inc., First Franklin Financial Corporation, National City Bank of Kentucky, Madison Bank and Trust Company, National City Mortgage Co. and National City Mortgage Services Co.

14. **ADDITIONAL NOTICES.** The following notices are given by Bank only to the extent not inconsistent with 12 U.S.C. Section 85 and related regulations and opinions, and/or the choice of law provision set forth herein (with respect to which Bank expressly reserves all rights). You acknowledge receipt of the following notices before becoming obligated. For purposes of the immediately following *Notice to Cosigner*, "bank" means us.




## NOTICE TO COSIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The bank can collect this debt from you without first trying to collect from the borrower (and after proper notice to you if you are a "cosigner" as defined by Illinois or Michigan law). The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages (unless you receive wages in North Carolina, Pennsylvania, South Carolina or Texas) etc. If this debt is ever in default, that fact may become a part of *your* credit record. This notice is not the contract that makes you liable for the debt.

## NOTICE TO ALL SIGNERS

**You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a consumer (credit) reporting agency if you fail to fulfill the terms of your credit obligations. I f you believe that we have information about you that is inaccurate or that we have reported or may report to a credit reporting agency information about you that is inaccurate, please notify us of the specific information that you believe is inaccurate by writing to National City, 150 Allegheny Center Mall, Pittsburgh, PA 15212 Att'n: Customer Service, Locator 47-23-551 or such other place as we may designate.**

## OTHER NOTICES

**If the Property is located in California:** Lender, may at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of the Property.

**If the Property is located in Colorado:** The dollar amount of the finance charge disclosed to you for this credit transaction is based upon your payments being received by us on the date payments are due. If your payments are received after the due date, even if received before the date a late fee applies, you may owe additional and substantial money at the end of the credit transaction and there may be little or no reduction of principal. This is due to the accrual of daily interest until a payment is received.

**If the Property is located in Florida:** FLORIDA DOCUMENTARY STAMP TAX IN THE AMOUNT REQUIRED BY LAW HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE, AND FLORIDA DOCUMENTARY STAMPS HAVE BEEN PLACED ON THE TAXABLE INSTRUMENTS AS REQUIRED BY CHAPTER 201, FLORIDA STATUTES.

**If the Property is located in Iowa (this is a consumer credit transaction) or Kansas:** NOTICE TO CONSUMER: 1. Do not sign this paper (agreement) before you read it. 2. You are entitled to a copy of this paper (agreement). 3. You may prepay the unpaid balance at any time and may be entitled to receive a refund of unearned charges in accordance with law. 4. If you prepay the unpaid balance, you may have to pay a prepayment penalty.

**If the Property is located in Iowa and the principal amount of this Loan exceeds $20,000:** IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.

**If the Property is located in Maryland:** We elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland.

**If the Property is located in Minnesota:** If the amount of this Loan is $100,000 or more, we elect Minn. Stat. § 334.01.

**If the Property is located in Missouri:** Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

**If the Property is located in New York:** YOU SHOULD CHECK WITH YOUR LEGAL ADVISOR AND WITH OTHER MORTGAGE LIEN HOLDERS AS TO WHETHER ANY PRIOR LIENS CONTAIN ACCELERATION CLAUSES WHICH WOULD BE ACTIVATED BY A JUNIOR ENCUMBRANCE.

DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.

**If the Property is located in North Dakota:** THIS OBLIGATION MAY BE THE BASIS FOR A PERSONAL ACTION AGAINST THE PROMISOR OR PROMISORS IN ADDITION TO OTHER REMEDIES ALLOWED BY LAW.

**If the Property is located in Oregon:** NOTICE TO THE BORROWER: Do not sign this loan agreement before you read it. The loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement.

**If the Property is located in Texas:** <u>THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.</u>

**If the Property is located in Vermont:** NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.



**If you reside in Wisconsin: NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.**

**15. SIGNATURES. YOU HAVE READ AND AGREE TO ALL PROVISIONS OF THIS NOTE INCLUDING THOSE ON PAGES 1 THROUGH 3 AND IN THE DISCLOSURE STATEMENT WHICH ARE INCORPORATED HEREIN BY REFERENCE. (1) DO NOT SIGN THIS NOTE BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN. (2) YOU ARE ENTITLED TO A COMPLETELY FILLED-IN COPY OF THIS NOTE BEFORE YOU SIGN IT. BY SIGNING THIS NOTE, YOU ACKNOWLEDGE THAT YOU HAVE RECEIVED AND HAD AN OPPORTUNITY TO REVIEW A COMPLETED COPY OF THIS ENTIRE NOTE BEFORE SIGNING IT ON THE DATE SHOWN ON PAGE 1. SEE PAGES 1, 2 AND 3 AND THE DISCLOSURE STATEMENT FOR ADDITIONAL IMPORTANT TERMS AND CONDITIONS.**

| | | |
|---|---|---|
| **Debtor:** | RAUL V. VARGAS<br>Type or print name of Debtor | X ______<br>Debtor's signature |
| **Debtor:** | ______<br>Type or print name of Debtor | X ______<br>Debtor's signature |
| **Debtor:** | MARA AVITIA<br>Type or print name of Debtor | X ______<br>Debtor's signature |
| **Debtor:** | ______<br>Type or print name of Debtor | X ______<br>Debtor's signature |
| **Debtor:** | ______<br>Type or print name of Debtor | X ______<br>Debtor's signature |
| **Debtor:** | ______<br>Type or print name of Debtor | X ______<br>Debtor's signature |

**FOR MICHIGAN GUARANTORS ONLY: Guaranty Agreement.** For value received, you, the undersigned guarantors, jointly, severally and unconditionally guarantee the payment of all sums owing under this Note when due and the performance by the Debtors of all promises contained in this Note. Upon default, we may proceed against any of you without first proceeding against any Debtor. The liability of each of you will be primary and will not be affected by any settlement, release, extension, renewal or modification of this Note whether or not by operation of law. Each of you voluntarily and knowingly waives all rights to any demands, presentments, notices and defenses of any kind or nature you might have in connection with this Guaranty. Each of you agrees to pay all expenses including reasonable attorneys' fees incurred by us if we have to enforce this Guaranty. Each of you acknowledges that you have read and agree to all terms of this Guaranty, Note and Disclosure Statement prior to signing below.

| | | |
|---|---|---|
| **Guarantor:** | ______<br>Type or print name of Guarantor | X ______<br>Guarantor's signature |
| **Guarantor:** | ______<br>Type or print name of Guarantor | X ______<br>Guarantor's signature |

**FOR LOUISIANA PROPERTIES ONLY:**

"NEVARIETUR" for identification with an Act of Mortgage passed before me this , day of

______
Notary Public:
Notary Identification Number

© 2004 National City Corporation

R.V.V MA.





National City®

## BALLOON NOTE ADDENDUM TO NOTE AND SECURITY AGREEMENT – FIRST FRANKLIN

Date: February 24, 2005

1. DEBTOR (S): RAUL V. VARGAS, MARA AVITIA

Property Address: 11717 FRASER STREET
BRIGHTON, CO 80603

2. **DEFINED TERMS; ADDENDUM A PART OF THE NOTE.** "Addendum" means this Balloon Note Addendum to Note and Security Agreement which is attached to, made a part of and amends and supplements the Note and Security Agreement ("Note") dated the same date as this Addendum. The terms "we" and "us" include our successors and assigns. In the event there are any conflicts between this Addendum and the Note, the provisions of the Addendum will control. Unless specifically defined in this Addendum, any capitalized terms shall have the same meaning as in the Note.

3. **BALLOON NOTE.** The final payment due under the Note is larger than the previous monthly payments. The final payment includes a substantial payment of principal. This Note is commonly called a "balloon note."

4. **BALLOON NOTE AGREEMENT.** You understand and agree as follows:

THIS LOAN IS PAYABLE IN FULL ON THE FINAL PAYMENT DATE SET FORTH IN THE PAYMENT SCHEDULE IN THE DISCLOSURE STATEMENT. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN, UNPAID INTEREST AND OTHER SUMS THEN DUE.

5. **SIGNATURES.** YOU HAVE READ AND AGREE TO ALL PROVISIONS OF THIS ADDENDUM AND AGREE THAT ALL NOTICES IN SECTION 15 OF THE NOTE ARE INCORPORATED HEREIN BY REFERENCE. (1) DO NOT SIGN THIS ADDENDUM BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN. (2) YOU ARE ENTITLED TO A COMPLETELY FILLED-IN COPY OF THIS ADDENDUM BEFORE YOU SIGN IT. BY SIGNING THIS ADDENDUM, YOU ACKNOWLEDGE THAT YOU HAVE RECEIVED AND HAD AN OPPORTUNITY TO REVIEW A COMPLETED COPY OF THE ENTIRE NOTE INCLUDING THIS ADDENDUM BEFORE SIGNING.

Debtor: RAUL V. VARGAS X [signature]
Type or print name of Debtor — Debtor's signature

Debtor: ______ X ______
Type or print name of Debtor — Debtor's signature

Debtor: MARA AVITIA X [signature]
Type or print name of Debtor — Debtor's signature

Debtor: ______ X ______
Type or print name of Debtor — Debtor's signature

Debtor: ______ X ______
Type or print name of Debtor — Debtor's signature

Debtor: ______ X ______
Type or print name of Debtor — Debtor's signature

© 2004 National City Corporation
MFCD6080
FF01400

I Hereby Certify
That This Is A True And Exact
Copy Of The Original
[signature]